### WILL MOORE v. THE STATE.

#### No. 3576.   Decided February 21, 1906.

**Exhibiting Gaming Table—Insufficiency of Evidence.**

Upon a trial for exhibiting a gaming table and bank, for the purpose of gaming, where the evidence showed that the pool hall and pool table had been leased by the defendant to another, during the month in which the playing occurred; that defendant was not in charge of the pool table or the pool hall; that he handed the table fees, which had been previously handed him by one of the players, to the clerk or his lessee; that he was in no way connected with the game, or exhibiting the gaming table and bank, the same was insufficient to sustain a conviction.

Appeal from the County Court of Jones.  Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of exhibiting a gaming table and bank, for the purpose of gaming; penalty, a fine of $25 and ten days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction was for exhibiting a gaming table and bank, for the purpose of gaming.  Dickerson testified

that he played a game of pool in the pool hall at Stamford. The understanding between the parties being that the loser should pay the fees. At the end of the game, they paid the fees to defendant, who was in the hall at the time they finished their game. This witness did not know how long appellant had been there or whether he was there when they began playing or during the time they were playing. He further states there is a restaurant in the front part of the building and a pool hall was in the rear end of the building: a partition separated them; that he had frequently seen appellant both in the pool hall and in the restaurant. Witness further stated that he had played there frequently and it was understood between himself and the parties with whom he played, that the loser should pay the table fees. Appellant testified that at the time mentioned by the previous witness he had leased the pool hall to Turner, and had nothing to do with it, except sometimes he would be in the pool hall when the parties would finish their game and pay the fees, and at times they would hand the said fees to him, and he would hand them to the man whom Turner had in charge of the hall. On the occasions testified by the previous witness, Turner's man or clerk was in the hall; that he (appellant) had just stepped back there from the restaurant, and Dickerson handed him (appellant) the fees, and he turned and handed them to Turner's clerk, who was in charge of the hall. He states that he knew nothing about any agreement between Dickerson and the party with whom he played as to the losing man paying the fees; that he did not even see them play the game, but happened to be in there when they paid the fees; that he was running a restaurant in the front part of the building, and owned the building, including the restaurant, pool tables and pool hall. Owens testified that the pool hall and tables had been leased by appellant to Turner during the month in which the playing occurred, and heard the trade between them; and saw Turner paying appellant $32.50, as rent during that month; and that on the day the game was played he knew as a fact that Turner was in charge of the pool hall. He also testified as to appellant running a restaurant in the front part of the building. Witness Dyer testified that it was an understanding between the players when they played at this pool table that the losers would pay the fees, and that he had seen appellant in there frequently, and had sometimes seen fees paid him; but he did not know whether he was present when the game was played or not, or whether he heard or knew anything of the understanding between the players to pay the table fees. Under this testimony it is evident that appellant was not in charge of the pool table or the pool hall; and if he was guilty at all, it was by reason of the fact that he handed the table fees to Turner's clerk: said fees having been previously handed him by one of the players. He was in no way connected with the game, or exhibiting the gaming table and bank. We do not believe this testimony is sufficient to convict him for exhibiting a gaming table and bank.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*